UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
PIKEVILLE

| | |
|---|---|
| JAMES R. HUFFMAN, | ) |
| | ) No. 7:20-cv-61-REW-CJS |
| Petitioner, | ) |
| | ) |
| v. | ) RECOMMENDED DISPOSITION |
| | ) |
| SCOTT JORDAN, Warden, | ) |
| | ) |
| Respondent. | ) |

\* \* \*   \* \* \*   \* \* \*   \* \* \*

This matter is before the Court on initial review of James R. Huffman's pro se Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody (R. 5) and his Motion for Protective Petition (R. 6). Pursuant to local practice, this matter has been referred to the undersigned for consideration and preparation of a Recommended Disposition under 28 U.S.C. § 636(b). Having conducted a preliminary review of the Petition, "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rules Governing Section 2254 Cases in the United States District Courts, Rule 4. Therefore, it will be recommended that the Petition be dismissed without prejudice as unexhausted and the Motion for Protective Petition be denied.[1] *See Rhines v. Weber*, 544 U.S. 269, 274 (2005) (noting that a district court should dismiss unexhausted claims in a petition without prejudice).

**I.    PROCEDURAL HISTORY**

A Kentucky jury convicted Huffman of "one count of complicity to commit murder, three counts of attempted murder, and one count of criminal mischief." *Huffman v. Commonwealth*,

---

[1] This Recommended Disposition provides notice to Huffman that his Petition appears to be unexhausted. The period for filing objections to this Recommended Disposition gives him the opportunity to present his position on the issue. *See Day v. McDonough*, 547 U.S. 198, 210 (2006).

No. 2018-SC-000088-MR, 2019 WL 2463279, at *1 (Ky. June 13, 2019).[2] He was sentenced to life in prison. *Id.* On direct appeal, the Kentucky Supreme Court "affirm[ed] Huffman's convictions with the exception of the attempted murder of Samantha Mullins." *Id.* at *9. It reversed that conviction and remanded for entry of a new judgment consistent with the Kentucky Supreme Court's opinion. *Id.*

Huffman initially filed this federal case in the Western District of Kentucky. (R. 1). That court transferred the action to the Eastern District on May 6, 2020, because Huffman's state criminal convictions arose from his prosecution in the Letcher County, Kentucky, Circuit Court, which lies within this federal judicial district. (R. 7). Accordingly, Huffman's case is now properly before this Court.[3]

Huffman's Petition brings four grounds for habeas relief, arguing that his trial counsel failed to investigate (1) an "extreme emotional distress" defense; (2) "family relationships which prejudiced the outcome of the trial"; (3) "forensic evidence and DNA reports"; and (4) various digital records. (R. 5, Page ID 15-20 (capitalization omitted)). For each ground, Huffman checks "Yes" on the habeas form when asked, "Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?" He also indicates that he has filed a motion to

---

[2] Some of the information in this Recommended Disposition comes from the state court docket in Huffman's underlying criminal case, Letcher County, Kentucky, Circuit Court Case No. 14-cr-3. This information was obtained using CourtNet 2.0. *See Johnson v. Michigan*, No. 2:16-CV-13215, 2016 WL 5791453, at *1 n.1 (E.D. Mich. Oct. 4, 2016) (taking judicial notice of information from another court's website in § 2254 case).

[3] *See* 28 U.S.C. § 2241(d) ("Where an application for a writ of habeas corpus is made by a person in custody under the judgment and sentence of a State court of a State which contains two or more Federal judicial districts, the application may be filed in the district court for the district wherein such person is in custody or in the district court for the district within which the State court was held which convicted and sentenced him and each of such district courts shall have concurrent jurisdiction to entertain the application. The district court for the district wherein such an application is filed in the exercise of its discretion and in furtherance of justice may transfer the application to the other district court for hearing and determination.").

vacate, set aside or correct sentence under Kentucky Rule of Criminal Procedure (RCr) 11.42. (*Id.* at Page ID 15-16, 17, 19, 20). Yet, when asked, "If you did not exhaust your state remedies on [this] Ground [], explain why," he states for each, "A protective petition was filed in this Court on April 29, 2020 with this Writ for Federal Habeas (45) forty-five days prior to the one (1) year deadline with the intent to preserve the right to file this Writ of federal Habeas Petition once all State Court remedies have been exhausted." (*Id.* at Page ID 15, 17, 19, 20).

Huffman's Motion for Protective Petition only further confuses matters. Perplexingly, he states that "[o]nce Mr. Huffman's Rcr 11.42 motion is filed and he has fully exhausted the Kentucky State Court remedies. Mr. Huffman may not have a window of time to properly prepare his 28 U.S.C. § 2254 federal writ of Habeas Corpus." (R. 6, Page ID 28). He states that he needs more time "to fully investigate and develop in his state court Rcr 11.42 claims." (*Id.* at Page ID 27). He requests a stay and abeyance "due to the time restriction of ten (10) hours per week placed on general population inmates for admittance to the Law Library at Luther Luckett Correctional Complex." (*Id.*).

## II. ANALYSIS

A federal court cannot consider a state prisoner's request for habeas relief if there is still a potential state remedy for the state courts to consider. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) (citing 28 U.S.C. § 2254(b)(1)). To be deemed properly exhausted, therefore, each claim must have been fairly presented to the state courts. *See id.* at 845 ("[S]tate prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process."); *see also Wagner v. Smith*, 581 F.3d 410, 414-15 (6th Cir. 2009) ("Fair presentation requires that the state courts be given the opportunity to see both the factual and legal basis for each claim."). The exhaustion requirement

3

"affords state courts an opportunity to consider and correct any violation of federal law, thus expressing respect for our dual judicial system while also furnishing a complete record of a petitioner's federal claim as litigated in the state court, including the state court of last resort." *Hafley v. Sowders*, 902 F.2d 480, 482 (6th Cir. 1990). When a petitioner has failed to exhaust his claims in state court and no state remedy remains, his claims are considered procedurally defaulted and are barred from habeas review. *See Woolbright v. Crews*, 791 F.3d 628, 631 (6th Cir. 2015).

While it is unclear whether Huffman has filed a RCr 11.42 motion,[4] it is clear that his claims are unexhausted but not yet procedurally defaulted because a state remedy remains—he can either file a RCr 11.42 motion, *see* RCr 11.42(10), or, if he has filed one, he can continue to litigate it through Kentucky's established review process. Although Huffman seeks more time to file (or further develop) his RCr 11.42 motion, a stay is not warranted.

In *Pace v. DiGuglielmo*, 544 U.S. 408, 416 (2005), the Supreme Court noted that "[a] petitioner's reasonable confusion about whether a state filing would be timely" might entitle him to file a "protective" petition "asking the federal court to stay and abey the federal habeas proceedings until state remedies are exhausted." But a stay should be issued in limited circumstances.

> Staying a federal habeas petition frustrates [the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA)] objective of encouraging finality by allowing a petitioner to delay the resolution of the federal proceedings. It also undermines AEDPA's goal of streamlining federal habeas proceedings by decreasing a petitioner's incentive to exhaust all his claims in state court prior to filing his federal petition.
>
> For these reasons, stay and abeyance should be available only in limited circumstances. Because granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts, stay and abeyance is only appropriate

---

[4] The state court docket does not indicate that he has filed a RCr 11.42 motion. Further, this Court does not and cannot decide at this juncture whether any RCr 11.42 motion Huffman files or has filed would be "properly filed" under 28 U.S.C. § 2244(d)(2), except to note that nothing indicates that such a motion would be untimely if filed as of the date of the entry of this Recommended Disposition.

> when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court.

*Rhines*, 544 U.S. at 277.

Here, Huffman expresses no reasonable confusion about whether his RCr 11.42 motion would be timely so as to be "properly filed" under 28 U.S.C. § 2244(d)(2) for purposes of tolling his one-year period to bring a federal habeas petition. Instead, he desires more time to file his RCr 11.42 without running out his one-year clock for filing a federal habeas petition. But granting this request would frustrate the AEDPA's goal that "petitioners [] seek relief from state courts in the first instance by tolling the 1-year limitations period while a 'properly filed application for State post-conviction or other collateral review' is pending." *Rhines*, 544 U.S. at 276. Similarly, Huffman's pro se status and asserted lack of access to the law library are not good cause for why he cannot exhaust his habeas claims in state court. *See Bennett v. Horton*, No. 18-2275, 2019 WL 1976051, at *2 (6th Cir. Feb. 1, 2019), *cert. denied*, 139 S. Ct. 2675 (2019) ("But we have found, for instance, that the combination of a prisoner's pro so status and limited law-library access does not qualify as an exceptional circumstance" for purposes of equitably tolling § 2244(d)'s limitations period). Accordingly, Huffman's petition should be dismissed without prejudice as unexhausted and his request for a stay be denied.

### III. CERTIFICATE OF APPEALABILITY

Pursuant to Rule 11 of the Federal Rules Governing Section 2254 Proceedings, the district court must issue or deny a certificate of appealability (COA) when it enters a final order adverse to the applicant. A certificate may issue only if a petitioner has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). The Supreme Court fully explained the requirement associated with a "substantial showing of the denial of a constitutional right" in *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). In cases where a district court has rejected a petitioner's

constitutional claims on the merits, "the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* "When a district court denies a habeas petition on procedural grounds without reaching the petitioner's underlying constitutional claim, a COA should issue when the petitioner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*

In this case, reasonable jurists would not debate the denial of Huffman's § 2254 Petition or conclude that the issues presented are adequate to deserve encouragement to proceed further. *See Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack*, 529 U.S. at 484); *Moody v. United States*, No. 19-5015, --- F.3d ---, 2020 WL 2190766, at *2 (6th Cir. May 6, 2020) ("Suppose that a claim has arguable merit (or even obvious merit) yet is plainly barred by a procedural default. That claim should not receive a certificate."). Accordingly, it will be recommended that a certificate of appealability be denied upon the District Judge's entry of a final order in this matter.

## IV. CONCLUSION AND RECOMMENDATION

For the reasons stated herein, **IT IS RECOMMENDED** that:

(1) Huffman's Petition (R. 5) **be dismissed without prejudice**;

(2) Huffman's Motion for Protective Petition (R. 6), which seeks a stay and abeyance, **be denied**;

(3) a certificate of appealability **be denied** in conjunction with the Court's entry of its final order in this matter;

(4) this case **be stricken** from the active docket of this Court.

The Court directs Huffman to 28 U.S.C. § 636(b)(1) for appeal rights and mechanics concerning this Recommended Disposition, issued under subsection (B) of the statute. *See also* Rules Governing Section 2254 Proceedings for the United States District Courts, Rule 8(b). Within fourteen (14) days after being served with a copy of this Recommended Disposition, Huffman may serve and file specific written objections to any or all findings or recommendations for determination, de novo, by the District Judge. Failure to make a timely objection consistent with the statute and rule may, and normally will, result in waiver of further appeal to or review by the District Judge and Sixth Circuit Court of Appeals. *See Thomas v. Arn*, 474 U.S. 140, 155 (1985); *United States v. Walters*, 638 F.2d 947, 950 (6th Cir. 1981).

Dated this 8th day of May, 2020.



Signed By:
*Candace J. Smith*
United States Magistrate Judge

J:\DATA\habeas petitions\2254 General\20-61-REW Huffman R&R 2254 final.docx