UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
PIKEVILLE

| | |
|---|---|
| JAMES R. HUFFMAN, ) | |
| ) | |
| Petitioner, ) | |
| ) | No. 7:20-CV-61-REW-CJS |
| v. ) | |
| ) | ORDER |
| SCOTT JORDAN, Warden, ) | |
| ) | |
| Respondent. ) | |

\*\*\* \*\*\* \*\*\* \*\*\*

On February 20, 2020,[1] Petitioner James Huffman moved for permission to file a protective petition under 28 U.S.C. § 2254 and to stay resolution of the habeas petition pending exhaustion of state remedies. DE 1 (Motion). On April 29, 2020,[2] Huffman filed the anticipated petition. DE 5 (Petition). On referral, Judge Smith, after thorough treatment, recommended denial of the motion and dismissal, without prejudice, of the § 2254 petition. *See* DE 11 (Recommended Disposition). Judge Smith expressly informed Huffman of his right to object to the recommendation and to secure *de novo* review from the undersigned. *See id.* at 6–7.[3] The established, 14-day objection deadline has passed, and no party has objected.

The Court is not required to "review . . . a magistrate [judge]'s factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those

---

[1] This filing date reflects the prison mailbox rule. *See Richard v. Ray*, 290 F.3d 810, 812–13 (6th Cir. 2002) (per curiam). Here, Huffman avers under penalty of perjury that he mailed the motion on February 20, 2020. DE 1 at 5.
[2] Again, applying the prison mailbox rule. *See* DE 5 at 15.
[3] Judge Smith likewise provided (*see id.* at 1 n.1) Huffman, consistent with *Day v. McDonough*, with "fair notice and an opportunity" to respond to the preliminary analysis. 126 S. Ct. 1675, 1684 (2006).

1

findings." *Thomas v. Arn*, 106 S. Ct. 466, 472 (1985); *see also United States v. Walters*, 638 F.2d 947, 949–50 (6th Cir. 1981) (holding that a failure to file objections to a magistrate judge's recommendation waives the right to appellate review); Fed. R. Crim. P. 59(b)(2)-(3) (limiting *de novo* review duty to "any objection" filed); 28 U.S.C. § 636(b)(1) (limiting *de novo* review duty to "those portions" of the recommendation "to which objection is made"). "The law in this Circuit is clear" that a party who fails to object to a magistrate judge's recommendation forfeits the right to appeal its adoption. *United States v. Branch*, 537 F.3d 582, 587 (6th Cir. 2008); *see also United States v. White*, 874 F.3d 490, 495 (6th Cir. 2017) ("When a party . . . fails to lodge a specific objection to a particular aspect of a magistrate judge's report and recommendation, we consider that issue forfeited on appeal."). Still, upon review of the full record and pertinent authority, the Court notes its independent agreement with Judge Smith's analysis and conclusions.

"Ordinarily an application for habeas corpus by one detained under a state court judgment . . . will be entertained by a federal court only after all state remedies available, including all appellate remedies in the state courts and in this Court by appeal or writ of certiorari, have been exhausted." *Ex parte Hawk*, 64 S. Ct. 448, 450 (1944); *see also* 28 U.S.C. § 2254(b)(1). Typically, courts dismiss, without prejudice, unexhausted claims. *Rose v. Lundy*, 102 S. Ct. 1198, 1199 (1982). Though certain limited exceptions pertain—*see, e.g.*, *Rhines v. Weber,* 125 S. Ct. 1528 (2005), *Pace v. DiGuglielmo*, 125 S. Ct. 1807 (2005)—as Judge Smith ably explained, Huffman fails to justify resort to the stay and abeyance procedure he seeks. *See* DE 11 at 4–5; *Doe v. Jones*, 762 F.3d 1174,

1181 (10th Cir. 2014) ("[T]he *Rhines* three-part test strictly limits the availability of a stay where a petitioner has not yet exhausted his state remedies.").

"*Rhines* held that district courts could stay federal habeas proceedings and hold them in abeyance in the exercise of their discretion while a petitioner returned to state court, but cautioned that stay and abeyance should be available only in limited circumstances because stay and abeyance, if employed too frequently, has the potential to undermine AEDPA's purpose of finality and its requirement that petitioners first seek relief in state courts." *Carter v. Mitchell*, 829 F.3d 455, 466 (6th Cir. 2016) (alterations and quotation marks omitted). Per *Rhines*,

> Because granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts, stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court. Moreover, even if a petitioner had good cause for that failure, the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless.

125 S. Ct. at 1535. As Judge Smith correctly concluded, Huffman failed to make the requisite good-cause showing. *See* DE 11 at 5.

The Kentucky Supreme Court partly affirmed Huffman's conviction on June 13, 2019. *Huffman v. Commonwealth*, No. 2018-SC-000088-MR, 2019 WL 2463279, at *9 (Ky. June 13, 2019). The record reflects, DE 5 at 3, and the Court's research revealed no petition to the United States Supreme Court for a writ of certiorari. Huffman's judgment thus became final (for § 2244(d) purposes) no earlier[4] than the passage of the 90-day window to so petition—here, September 11, 2019. *See* Sup. Ct. R. 13(1), (3); *Jimenez v. Quarterman*, 129 S. Ct. 681, 685 (2009) ("[A] conviction becomes final when 'the time

---

[4] The Court, though seeing no need to substantively analyze the issue at this point, notes that the partial remand may impact the finality calculus.

3

for filing a certiorari petition expires.'"); *see also Giles v. Beckstrom*, 826 F.3d 321, 323–25 (6th Cir. 2016). Thus, on the current record, Huffman still has approximately three months left before his 1-year federal habeas limitations period expires. And, Huffman plans to file a state RCr 11.42 post-conviction relief motion. If properly filed, the intended motion would pause the federal habeas clock during its pendency. *See* 28 U.S.C. § 2244(d)(2).

At bottom, Huffman's worry is that the period needed to "fully investigate[ ]" his post-conviction claims and file his state motion might take him beyond the applicable § 2254 deadline. DE 1 at ¶ 10. Petitioner, to date, has already had more than a year since the Kentucky Supreme Court's ruling to conduct the envisioned inquiry. Huffman, via his initial February 20, 2020, filing, identified six issues he wished to "investigate and develop in his state court" post-conviction proceeding. DE 1 at ¶ 9. Specifically, he alleged trial counsel ineffectively failed to investigate: (1) extreme emotional distress as a potential "mitigating defense," (2) "a self-defense claim as a mitigating defense[,]" (3) "toxicology and DNA reports," (4) "all parties['] phones for text messages and other digital messaging[,]" (5) "medical examiner['][s] reports[,]" (6) "security video footage from the bar where the altercation occurred." *Id.* By April 29, 2020, Huffman dropped the self-defense and medical examiner report theories, but newly alleged a "[f]ailure to investigate the family relationships which prejudiced the outcome of the trial." DE 6 at ¶ 9. Huffman's protective petition reiterates the revised five-claim slate. *See* DE 5 at 5 (EED), 6 (family relationships), 9 (forensic evidence and DNA reports), 8 & 10 (text messages & security footage).

4

It appears Huffman has been—assuming diligence—looking into the four of the five issues he wishes to present in state court for at least four months (longer, if the Court adopts the logical inference that Huffman likely did not unearth the potential issues, prepare a motion for protective filing, and mail out same on a single day in February). As to the familial relationship topic, first raised in the April filing, the petition content indicates that Huffman has already identified the relationships undergirding his theory. *See* DE 5 at 7. Despite conclusory allegations, Huffman provides no case-specific explanation for his belief that needful development of his claims prior to submitting his RCr 11.42 motion will jeopardize his ability to federally file within the § 2244(d) limits. He specifies no particular line of inquiry (much less one exceptionally time consuming) that he lacks time to run down. Huffman brings only five claims, all are IAC theories, and—bald allegations of "issues and arguments . . . of a unique and extraordinary nature" aside, DE 6 at ¶ 8—none appears especially legally or factually complex.

As to the sole fact-specific ground Huffman cites, law library access, the Court notes that Huffman's tenders express awareness of stay-and-abeyance mechanics, the filing deadlines, and ineffective assistance of counsel claims.[5] And, as Judge Smith explained, limited law library access, alone, hardly provides good cause for failure to exhaust state remedies before federal filing. *See* DE 11 at 5. *Pro se* status, limited legal resource access, and a handful of IAC claims are not the kind of "limited circumstances" that justify a *Rhines* stay and abeyance. 125 S. Ct. at 1535; *see id.* at 1534 ("Stay and

---

[5] Further, Huffman claims a 10-hour weekly limit. The record shows a 455-day span between the Kentucky Supreme Court's affirmance and Petitioner's earliest potential federal deadline. In these 65 weeks, Huffman would, accepting the claimed 10-hour limit, have had 650 hours of law library time to get his RCr 11.42 filed before expiration of the AEDPA deadline. Petitioner fails to show that his alleged inability to secure more than that substantial access provides good cause for his failure to exhaust.

abeyance, if employed too frequently, has the potential to undermine [AEDPA's] twin purposes" of reducing "delays in the execution of state and federal criminal sentences" and encouraging "petitioners to seek relief from state courts in the first instance[.]"). Indeed, such circumstances are commonplace for § 2254 filers. The Court, on this record, sees no good cause to excuse Huffman's failure to pursue state remedies before federally filing. Again, Judge Smith's capable analysis, non-exhaustion finding, and rejection of the stay-and-abey request stands unopposed.

Accordingly, the Court **ORDERS** as follows:

1. The Court **ADOPTS** Judge Smith's recommendation (DE 11);

2. The Court, for the reasons stated, **DENIES** DE 6;

3. Because Huffman presents only unexhausted claims, and state remedies remain available, the Court **DISMISSES** DE 5 **WITHOUT PREJUDICE**, to post-exhaustion resubmission;

4. The Court—finding the failure to exhaust, on this record and for all of the reasons demonstrated in this ruling, clear and not fairly debatable[6]—**DENIES** a Certificate of Appealability; and

5. The Court **DIRECTS** the Clerk to strike this matter from the active docket.

This the 16th day of June, 2020.



Signed By:
*Robert E. Wier*
United States District Judge

---

[6] *See Slack v. McDaniel*, 120 S. Ct. 1595, 1604 (2000) (requiring a petitioner to demonstrate, when a court dismisses on procedural grounds, that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling").